Janet **QUIGLEY, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORP., et al., Defendants.**

Civ. A. No. 85–2458–S.

United States District Court, D. Kansas.

Oct. 23, 1986.

John A. Holtmann and Gerald T. Elliott, Elliott & Holtmann, Overland Park, Kan., for plaintiffs.

John J. Jurcyk, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Arthur P. Greenfield and Richard Shapiro, Winston & Strawn, Phoenix, Ariz., for General Motors Corp.

James E. Lockwood, Brenner, Lockwood & Peterson, and Ronald C. Newman, Mustain & Newman, Chtd., Kansas City, Kan., for APAC–Kansas, Inc.

Donald D. Jarrett, Chief Legal Counsel for Bd. of County Commissioners of Johnson County, and Philip S. Harness, Johnson County Counselor, Olathe, Kan., for Bd. of County Com'rs of Johnson County.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion to strike the fifth defense of defendant Board of County Commissioners of Johnson County, Kansas, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In its fifth defense to plaintiffs' amended complaint, defendant raised the affirmative defense of failure to follow a condition precedent (*i.e.*, the requirement of giving written notice to a municipality before bringing a tort suit against it) pursuant to K.S.A. 12–105b. Plaintiff contends that K.S.A. 12–105b does not impose a condition precedent or alternatively, that such condition precedent has been met in this case.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court further notes that motions to strike affirmative defenses for legal insufficiency are not favored and will not be granted unless it appears to certainty that the plaintiff would succeed despite any state of facts that could be proved in support of the defense. *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* — U.S. —, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). Also, a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. 5 Wright & Miller, *Federal Practice & Procedure* § 1382 (1969).

In the present case, the plaintiff brought a cause of action under the Kansas Tort Claims Act against various defendants, including several statutory municipalities. Prior to 1979, the statutory notice scheme applicable to claims brought against a municipality consisted of K.S.A. 12–105, 12–105a, and 12–105b. Section 12–105b imposed a general notice requirement on all parties who bring claims against a municipality (defined in K.S.A. 12–105a to include counties, townships, cities, school districts, and other political subdivisions). An aggrieved party had to present any claim to the municipality in order for such claim to be allowed. K.S.A. 12–105b(a). Section 12–105, which was repealed in 1979, clearly stated that before a suit *for personal injury or property damage* could be brought against a municipality, the aggrieved person must file a written statement within a set period of time after the cause of action accrued, setting forth the circumstances of the claim and the demand for damages. Thus, tort claims were governed separately from all other types of claims, and were expressly excluded from coverage under Section 12–105b. The repeal of this statute left K.S.A. 12–105b as the only relevant provision imposing a notice requirement as to claims against municipalities. However, present section 12–105b is less than clear on whether it now requires that written claim for damages under the Kansas Tort

Claims Act must be presented to a municipality before suit can be filed. The parties agree that in the present case, the plaintiff did not give any formal written notice of their claim before filing suit. This issue has never been decided by the Kansas courts.

■ This matter is an appropriate one for a motion to dismiss for several reasons. First, it is purely a question of law. Both parties agree on the essential facts, and discovery will produce no new evidence on the matter. The only thing left to do is to construe the statute. Second, if the court fails to decide this matter now but later determines that the defense is valid, the plaintiff will be substantially prejudiced.

This court finds that K.S.A. 12–105b does not require an injured party to give notice to a municipality prior to the filing of a lawsuit against the municipality under the Kansas Tort Claims Act. This conclusion is supported by statutory history and public policy. Before its repeal in 1979, K.S.A. 12–105 read as follows:

Claims for damages; time for filing; settlement. No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within six (6) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, the circumstances relating thereto and a demand for settlement and payment of damages.... If a settlement is made or the demand is thereafter fixed by judgment, the person or corporation shall file a claim and the claim shall be allowed pursuant to the provisions of K.S.A. 1969 Supp. 12–105b, as amended.

During the same period that this statute was in force, K.S.A. 12–105b read as follows, except for the underlined portion that

was added by the same legislative bill which repealed section 12–105 in 1979 *:

[(a)] All claims against a municipality must be presented in writing with a full account of the items, and no claim shall be allowed except in accordance with the provisions of this section. A claim may be the usual statement of account of the vendor or party rendering a service or other written statement showing the required information....

....

[(c)] No costs shall be recovered against a municipality in any action brought against it for any claims allowed in part unless the recovery shall be for a greater sum than the amount allowed, with the interest due.... *Subject to the terms of applicable insurance contracts, judgments and settlements obtained for claims recoverable pursuant to the Kansas tort claims act shall be presented for payment in accordance with this section or in such manner as the governing body may designate.*

The definition of "claim" during this period was as follows, with the bracketed portion representing the words that were repealed by the 1979 bill:

"Claim" means the document relating to and stating an amount owing to the claimant by a municipality for material or service furnished to the municipality, or some action taken by or for the municipality and for which the municipality may or may not be responsible in a liquidated or an unliquidated amount. A claim is unliquidated when the amount due or to become due is made certain by agreement of the parties or is fixed by law. [The term "claim" does not include a statement of demand filed pursuant to K.S.A. 12–105.]

1979 Kan.Sess. Laws, ch. 186, § 17(c) (amending K.S.A. 12–105a(c)).

Prior to 1979, the Kansas Legislature had set up separate statutory sections gov-

---

* The statute as it appeared in 1979 had no enumerated subsections, which have been added in brackets to conform to the statute as it exists today. The language quoted above is exactly how the statute now reads. *See* K.S.A. 12–105b (Supp.1985).

erning tort claims and non-tort claims (including contractual claims). Section 12–105 required that notice of tort claims against municipalities be filed within six months of the incident. In fact, in the pre–1979 statutory scheme, a demand for compensation for personal injury or property damage under section 12–105 did not even fall within the definition of "claim" under K.S.A. 12–105a(c), and thus tort claims were *expressly excepted* from the coverage of section 12–105b. However, once this demand for tort damages was reduced to a settlement agreement or reduced to judgment after a judicial determination of the merits, section 12–105 transformed it from a "statement of demand" to a "claim" as to which section 12–105b became applicable. *See* K.S.A. 12–105 (repealed 1979).

In 1979, the Kansas Legislature repealed section 12–105, deleted the last sentence in section 12–105a(c), and added the second sentence in 12–105b(c). A law journal article written contemporaneously with this legislative action observed that the Legislature's action in 1979 should be viewed as a "conscious repeal" of the 60–day notice requirement in tort cases. *See* Note, Governmental Liability: The Kansas Tort Claims Act [or The King *Can* Do Wrong], 19 Washburn L.J. 260, 282 & n. 232 (1980). The effect of the totality of the 1979 legislation has troubled this court. One could argue that the legislature did not repeal the tort claim notice requirement *in toto*, but rather consolidated the notice provisions for every type of claim into one statutory section, K.S.A. 12–105b. This argument can be made as follows.

In repealing the separate 60–day requirement, the legislature also eliminated the exclusion of tort claims from the definition of "claim" under K.S.A. 12–105a(c). By doing this, the legislature arguably removed all indications that a tort claim should be treated differently than a "claim." The legislature also inserted language in section 12–105b to make it appear that some pre-lawsuit notice is still required for tort lawsuits. Section 12–105b(c) refers to "judgments and settlements obtained for *claims* recoverable pursuant to the Kansas tort claims act." This passage could mistakenly indicate a legislative intent that an alleged cause of action under the tort claims act is a "claim," and that such claims against municipalities must be presented in writing. As the argument goes, one party may have a claim recoverable pursuant to the common law of contract. Another party may have a claim recoverable pursuant to the Kansas Uniform Commercial Code. The present plaintiff would have a claim recoverable pursuant to the Kansas Tort Claims Act. These would all be "claims," and a loose statutory construction might result in a finding that section 12–105b was meant to encompass tort claims. The court must reject this conclusion for several reasons.

First, section 12–105b(c) contemplates that the validity of claims will be reviewed by the municipality and either allowed in full, allowed in part, or disallowed. If allowed in part, the statute contemplates that the aggrieved party may bring suit; and, if the aggrieved eventually recovers an amount greater than that offered by the municipality, he can also recover costs from the municipality. Thus, the statute expressly recognizes the difference between bringing a claim before the municipality and bringing it before a court in a lawsuit. Although section 12–105b also mentions tort claims, the reference is made only in relation to a tort cause of action that has already been brought before a court and either settled or adjudicated. This reference lends no support for the argument that the legislature is requiring tort claims to be first brought before the municipality.

Second, the legislature originally recognized that tort claims do not fit naturally within the scheme of section 12–105b. As previously demonstrated, tort claims were expressly *not* to be considered as "claims" under section 12–105b prior to 1979. The pre–1979 scheme, however, provided for a procedure by which settled or judicially adjudicated allegations, which were thus transformed into "claims," were to be paid by the municipality. In the comprehensive 1979 bill, the legislature repealed 12–105 in

its entirety, which eliminated *both* the pre-filing notice requirement and the procedure for paying settled and adjudicated claims. But the only 1979 addition to 12–105b was the procedure for paying "judgments and settlements obtained for claims recoverable pursuant to the Kansas tort claims act." No additional language was inserted to indicate the legislature's intent that a notice requirement for tort claims was also to be transplanted into section 12–105b. Without any such indication, this court will not assume that statutory language which was originally drafted to apply to claims quite different than tort causes of action suddenly was transformed to be all encompassing.

Third, section 12–105b(c) does speak of *"claims* recoverable pursuant to the Kansas tort claims act," which might lead one to believe that the legislature intended a tort cause of action to be within the definition of "claim" in section 12–105a(c). However, section 12–105a's definitions are prefaced by the statement that "the following words and phrases shall have the meanings ascribed to them herein, *unless the context shall otherwise require....*" (Emphasis added). The emphasized language leads this court to conclude that the use of "claims" as quoted above was simply a logical means to describe an aggrieved person's allegations under the Kansas tort *claims* act. Thus, the context of the word should not reflect an intent that tort claims be considered as "claims" within the purview of section 12–105b. Moreover, since the second sentence in 12–105b(c) was intended to supplant the repealed procedure for recovery of judgments and settlements against a municipality, the court should not engage in speculation as to any additional effect the legislature might have intended to give the phrase.

Fourth, practical considerations also support this court's finding. The definition attached to "claim" in section 12–105a was never intended to apply to tort claims, nor did the 1979 amendments add anything to support a conclusion that this definition should be widened. In fact, the only change in the definition of "claim" was the elimination of the statement that settlement demands under 12–105 were not

"claims," a logical deletion considering that 12–105 was repealed. A tort cause of action simply does not fit easily within the language used to define a "claim." Furthermore, the language in section 12–105b is more suited to contractual and similar matters, a natural fact considering that the section was not drafted to apply to tort claims. Section 12–105b(a) contemplates "claims" in the nature of "the usual statement of account of the vendor or party rendering a service or other written statement showing the required information." It stretches the reasonable meaning of words to argue that this language includes tort claims. Moreover, section 105b(a) only requires that in order for a claim "to be allowed," it must be filed with the municipality. The statute does not prescribe any limitation period, nor does it say that this filing must occur *before* a lawsuit can be filed. The plaintiffs would have this court find that a complaint filed in court is sufficient to constitute notice under the language of the statute, a not wholly unrealistic position considering the vagueness of the statute. The court finds it unnecessary, however, to rule on this argument.

Finally, the constitutional implications of the statute favor the finding of no notice requirement as to tort claims. Several courts have held unconstitutional under the equal protection clause statutes that require notice of tort claims to be filed with the municipality before suit can be filed:

> Such a notice requirement arbitrarily split[s] the natural class of all tort-feasors into two differently-treated subclasses: private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed. It has also been reasoned that notice requirements arbitrarily split victims of negligent conduct into two subclasses: victims of governmental negligence, who must meet the notice requirements, and victims of private negligence, who are subject to no such requirements.

Annot., 59 A.L.R.3d 93, 97–98 (1974). *See also,* 56 Am.Jur.2d *Municipal Corporations* § 682 (Supp.1986). Furthermore, the language of K.S.A. 12–105b is too vague to apprise tort victims of the necessity to first

file a claim with the municipality, especially in light of the 1979 amendments eliminating the express notice requirement for tort claims. This is a serious constitutional infirmity, although the court will defer that issue to another day.

In conclusion, the court finds that K.S.A. 12–105b does not require that tort victims give notice of their claims prior to filing suit against a municipality. Such notice provisions "are in derogation of the common right of the people ... to maintain their common-law or statutory causes of action.... Accordingly, such provisions are to be construed strictly and not extended by implication beyond their own terms, where they are invoked by a municipality to avoid liability." 56 Am.Jur.2d, *supra*, § 687 at 731. The language in the statute is simply insufficient to support defendant's position, and the statutory history indicates an intent to eliminate such a notice requirement as to tort claims.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to dismiss defendant Board of County Commissioners of Johnson County, Kansas' fifth defense based on K.S.A. 12–105b be granted.